IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDUARDO MEJIAS ALVAREZ                                                                    PLAINTIFF

v.                            Civil No. 07-5136

BENTON COUNTY DETENTION
CENTER; WASHINGTON COUNTY
DETENTION CENTER; and the
STATE OF ARKANSAS                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Eduardo Mejias Alvarez, an inmate at the Benton County Detention Center, Bentonville, Arkansas, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Alvarez's complaint was provisionally filed subject to a later determination of whether service of process should issue.

**I. Background**

According to the allegations of the complaint, Alvarez was arrested in Orange County, California, on December 11, 2006. The warrant had been issued in the State of Arkansas in December of 2000.

Alvarez alleges that he was accused of having robbed several stores in Washington and Benton Counties. The charges were all Class Y felonies. Alvarez was told that both Washington and Benton County had all the evidence needed to take him to trial and convict him.

On January 5, 2007, Alvarez asserts he was picked up by officers from the Washington County Sheriff's Office and extradited to Arkansas to face the criminal charges against him. On March 27, 2007, Alvarez states he was taken to trial in Washington County and the charges against him were dropped "due to me not committing the crimes." Alvarez states he was able

-1-

to help his attorneys obtain information to prove he was innocent and had been incapacitated at the time of the crimes.

On April 11, 2007, Alvarez alleges he was picked up by Benton County. Once in Benton County, Alvarez alleges he had several omnibus hearings and his jury trial was scheduled for June 26, 2007. On the day of his scheduled jury trial, Alvarez alleges "[a]ll charges were dropped . . . due to <u>no</u> <u>evidence</u> against me!"

As relief, Alvarez asks that he be paid for damages due to seven months of wrongful incarceration. He also asks for monetary compensation for pain and suffering.

## II. Discussion

Alvarez's claims are subject to dismissal. First, in *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

AO72A
(Rev. 8/82)

*Baker*, 443 U.S. at 145-46.

Here, Alvarez does not deny that the warrant for his arrest was properly issued, that proper procedures were utilized to extradite him to the State of Arkansas, or that proper procedures were utilized in bringing him to trial in Washington County and Benton County on the criminal charges. Rather, he merely claims he was innocent of the charges and was able to ultimately prevail at trial and/or have the charges dropped the day of trial. We conclude Alvarez has stated no claim that his rights under the Due Process Clause have been violated.

Second, the "Constitution does not mention malicious prosecution nor do[es Alvarez] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Third, the Benton County Detention Center and the Washington County Detention Center are not subject to suit. The detention centers are buildings and not persons or legal entities subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

AO72A
(Rev. 8/82)

Finally, neither the State of Arkansas nor its agencies are subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

### III. Conclusion

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, and assert claims against entities not subject to suit under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Alvarez has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Alvarez is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE